UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MAURICE BENNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-02834-TWP-DML |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Maurice Bennett for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 17-04-138. For the reasons explained in this Entry, Mr. Bennett's habeas petition must be **denied**.

A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On April 12, 2017, Correctional Officer E. Boner wrote a Conduct Report charging Mr. Bennett with use or possession of a cellular phone. The Conduct Report states:

> On 04/12/2017 at approx.. 8:10 AM, I Officer E. Boner conducting [sic] a shakedown of Offender Bennett, Maurice #974997 18B-3D. Upon entering cell 18-3D, I noticed Offender Bennett on the bottom bunk and hesitant to stand up. I ordered Offender Bennett to exit his bed and quit moving around, he then recovered to my possession a reading light that had been altered to be used as a cellular phone charger. Once Offender Bennett had been stripped out, I Officer Boner along with Officer J. Matlock escorted the Offender to D unit Control area. I Officer Boner then ordered Offender Bennett to submit to mechanical restraints, at which he complied. Once in restraints I then lifted Offender Bennett's shirt up and search [] his medical colostomy bag, I then recovered a black AT&T phone approximately 3 ½ inches long, along with two packages of an unknown substance, appearing to be narcotics.

Dkt. 13-1.

Photos were taken of the cell phone and Mr. Bennett received a notice of confiscated property form. Dkt. 13-1, p. 6.

Mr. Bennett was notified of the charge on April 15, 2017, when he received the Screening Report. He pled not guilty to the charge, did not request a lay advocate, did not request any witnesses, and did not request any physical evidence. Dkt. 13-2.

The disciplinary hearing was held on April 18, 2017. Mr. Bennet provided the following statement: "Nothing to say." Based on the staff reports, the offender's statement, and physical evidence (pictures of the cellular phone), the hearing officer found Mr. Bennett guilty of possession of a cellular device. The sanctions imposed included: a written reprimand, 206 days earned credit-time deprivation, and a demotion from credit class 2 to credit class 3.[1]

---

[1] Mr. Bennett's credit time deprivation was later reduced to 180 days in accordance with Indiana Department of Correction policy for a Class A disciplinary violation. Thus, Mr. Bennett's argument that a deprivation of 206 days exceeded the maximum allowable is moot and will not be considered by the Court. Dkt. 13-8.

Mr. Bennett appealed to the Facility Head and his appeal was denied. He appealed to the Indiana Department of Correction Final Reviewing Authority and his appeal was denied. Mr. Bennett then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

In his petition, Mr. Bennett lists three grounds on which he challenges his prison disciplinary conviction: 1) the evidence was insufficient to support a guilty finding; 2) he was denied evidence; and, 3) the response to his appeal was not timely.

### 1. Sufficiency of the Evidence

Mr. Bennett challenges the sufficiency of the evidence. Although not cogent, Mr. Bennett seems to argue that he would not have been able to hide a cell phone in his colostomy bag because it is clear and is fit securely to his intestines.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

During a search of Mr. Bennett's cell, Officer Boner found a reading light that had been altered to be used as a cellular phone charger. Officer Boner then searched Mr. Bennett's person and found a cellular telephone hidden in the area of his colostomy bag. This evidence is sufficient

to satisfy the "some evidence" standard. *See Hill*, 472 U.S. at 455-56. No relief is warranted on this basis.

### 2. Denial of Evidence

Here, Mr. Bennett argues that he was denied evidence. Specifically, he alleges that he requested witnesses, a review of camera evidence, the evidence card, and did not waive his right to 24-hour notice prior to the hearing. He argues that he was not provided any of the evidence he requested.

As an initial manner, Mr. Bennett was notified of the charges in this disciplinary action of April 15, 2017, and the hearing occurred three days later on April 18, 2017. Thus, a claim that his rights under *Wolff* with respect to advance written notice of the charges were violated is without merit.

A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996).

Mr. Bennett alleges that he was denied all of the evidence he requested. However, his argument fails to identify any prejudice that occurred as a result. The denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided

his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011); *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). No relief is warranted on this basis.

### 3. Violation of IDOC Policy

Mr. Bennett argues that the Superintendent violated IDOC Policy because she waited beyond the time frame set forth in the Policy to respond to his appeal. The claim that prison authorities failed to follow various policies before and during the challenged disciplinary proceeding are summarily dismissed as insufficient to support the relief sought by the petitioner. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). No relief is warranted on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Bennett to the relief he seeks. Accordingly, Mr. Bennett's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/2/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MAURICE BENNETT
974997
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov